**STATE ex NICHOLS v GREGORY et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2498. Decided July 11, 1936

Carrington T. Marshall, Columbus, for the relator.

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Asst. Attorney General, Columbus, for respondents.

**OPINION**

By BODEY, J.

This is an original action in mandamus in this court. The relator alleges in substance that he was injured in the course of his employment on February 23, 1931; that a claim for compensation was filed with the Industrial Commission which recognized his injury and awarded payment for medical services; that a further application for compensation was filed and the same was denied on October 11, 1932; that within thirty days thereafter relator filed his application for rehearing although the same was improperly entitled 'Application for Modification of Award'; that said application was inadvertently drawn and was prepared by a layman having no knowl-

edge of technical procedure; that such application was inapplicable; and that the relator was entitled to a rehearing as a matter of right. The prayer of the petition is that respondents be ordered to consider the application for a modification of award as an application for rehearing and that a rehearing be granted to the relator.

Heretofore a general demurrer was filed to the petition and was overruled by this court.

Thereafter an answer consisting of two defenses was filed. In the first defense the respondents admit relator's employment and injury, the filing of a claim for compensation, recognition of the claim by the respondents, the filing of an application for further compensation on October 11, 1932, the filing of an application for modification of award within thirty days and its dismissal by the Industrial Commission. Then follows this paragraph:

"Respondents deny each and every allegation contained in relator's petition not herein specifically admitted to be true."

In the second defense respondents incorporate all of the allegations of their first defense and further allege facts tending to establish that relator's application for modification of award was filed on behalf of relator by one Neipp who was registered to practice before the Industrial Commission and that the said application was not prosecuted as one for rehearing; that on August 7, 1933, claim was first made that said application for a modification of award should be considered as one for rehearing and that at a hearing for reconsideration of its former finding the Commission had dismissed relator's application and motion.

A general demurrer is now filed to this answer. At the same time relator moves for judgment on the pleadings. After this demurrer and motion were filed by relator the respondents entered a similar motion for judgment on the pleadings.

A demurrer will not lie to a pleading which consists of a general denial, "nor is an answer which contains new matter and a specific denial of certain allegations of the petition open to a general demurrer, if the allegations denied are material to the plaintiff's right to recover. * * * To attack by demurrer an affirmative defense set forth in an answer which also contains a general denial the demurrer must be specially directed to the matter set up." 31 **Ohio Jur., 789, §207.** An examination of the allegations of the petition which are met by the denial of this answer leads us to the conclusion that they are necessary allegations and that they must be established by the relator before he is entitled to the relief demanded. The relator alleges that he is entitled to a rehearing as a matter of right. That is true, but he must conform to the law in that particular and he must file his application for rehearing within thirty days after the Industrial Commission has disallowed his claim. Whether or not such an application for rehearing has been filed within the required time is now a question of fact. The respondents deny that such an application was filed. Proof of such filing must therefore be furnished.

In our judgment, due to the fact that each of the defenses of this answer contains a general denial of material facts, the demurrer to the answer is not well taken and must be overruled.

For the same reasons we are of opinion that the relator's motion for judgment on the pleadings is not well taken. This motion, like the demurrer, must admit the truth of the allegations of the answer. The denial of material allegations of the petition as found in this answer requires introduction of evidence and precludes the court from passing favorably upon this motion. Therefore the motion of the relator for judgment on the pleadings is overruled.

The respondent's motion for judgment on the pleadings is overruled for the same reason that the respondent's demurrer to the relator's petition was overruled in the first instance. Exceptions are saved to the respective parties on each of the rulings of the court. Leave to reply within rule is granted to relator.

BARNES, PJ, and HORNBECK, J, concur.